Tilenov v. Garland

BIA
Mulligan, IJ
A208 010 708

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-four.

PRESENT:
> PIERRE N. LEVAL,
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

TIMUR TILENOV,
> *Petitioner,*

v.      **22-6534**
     **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Brittni Rivera, Esq., Kriezelman, Burton & Associates, LLC, Chicago, IL.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Mona Maria Yousif, Attorney, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Timur Tilenov, a native of the Soviet Union and a citizen of Kyrgyzstan, seeks review of an October 27, 2022 decision of the BIA, affirming a February 25, 2021 decision of an Immigration Judge ("IJ"), which denied his March 2020 motion seeking to rescind his in absentia removal order and reopen his removal proceedings pursuant to the agency's authority to reopen sua sponte under 8 C.F.R. §§ 1003.2(a), 1003.23(b). *In re Timur Tilenov*, No. A208-010-708 (B.I.A. Oct. 27, 2022), *aff'g* No. A208-010-708 (Immig. Ct. N.Y. City Feb. 25, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We lack jurisdiction to review the agency's "entirely discretionary" decision not to exercise its authority to reopen sua sponte. *Li Chen v. Garland*, 43 F.4th 244, 251–52 (2d Cir. 2022) (internal quotation marks and citation omitted). Tilenov's

2

arguments that we have jurisdiction to review his ineffective assistance claim lack merit. While his initial motion to rescind was timely filed within 180 days of his in absentia order and asserted ineffective assistance as an exceptional circumstance excusing his failure to appear, *see* 8 U.S.C. § 1229a(b)(5)(C)(i), he did not appeal the IJ's denial of that motion to the BIA, but instead filed a second motion that the IJ considered pursuant to his authority to reopen sua sponte under 8 C.F.R. § 1003.23(b). Only the decision on the second motion is before us. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005); *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 89–90 (2d Cir. 2001).

That second motion was not timely filed within 180 days, nor did Tilenov rebut the presumption that he received his hearing notice, as needed to deem the motion timely under 8 U.S.C. § 1229a(b)(5)(C)(ii).[1] *See Lopes v. Gonzales*, 468 F.3d 81, 82 (2d Cir. 2006) ("We hold that a presumption of receipt attaches to a piece of mail that is properly addressed and sent according to normal office procedures."). Nor did Tilenov allege that the time for filing that second motion should be tolled

---

[1] To the extent Tilenov argues that *Niz-Chavez v. Garland*, 593 U.S. 155 (2021) overrules the presumption of receipt, and that the presumption is irrelevant for a motion to reopen based on ineffective assistance of counsel, these arguments are unexhausted and will not be considered by the Court. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 (2d Cir. 2023).

based on ineffective assistance of counsel. Accordingly, the only basis for granting the second motion was the agency's authority to reopen sua sponte, which we lack jurisdiction to review. *See Li Chen*, 43 F.4th at 251–52.

Moreover, even assuming we could reach Tilenov's argument that exceptional circumstances prevented his appearance at his hearing, we would find no error in the agency's decision. Because Tilenov did not rebut the presumption that he personally received his hearing notice, he did not establish that his counsel's inaction prevented his appearance. *See* 8 U.S.C. § 1229a(b)(5)(C)(i), (e)(1) (stating that "[t]he term 'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the [petitioner] or any child or parent of the [petitioner], serious illness of the [petitioner], or serious illness or death of the spouse, child, or parent of the [petitioner], but not including less compelling circumstances) beyond the control of the [petitioner]").

For the foregoing reasons, the petition for review is DISMISSED. All pending motions, including the motion to amend the caption, and applications are DENIED as moot and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4